**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3841-22

ADAN OTERO,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted November 6, 2024 – Decided November 14, 2024

Before Judges Firko and Augostini.

On appeal from the New Jersey Department of Corrections.

Adan Otero, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Andrew D. Spevack, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Adan Otero appeals from the June 30, 2023 final agency decision of the New Jersey Department of Corrections (NJDOC) upholding a hearing officer's determination that he committed prohibited act *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility, in violation of N.J.A.C. 10(A):4-4.1(a)(2)(xix). We affirm.

I.

We derive the facts from the record. Otero is an inmate at the Adult Diagnostic Treatment Center (ADTC) at Avenel. On June 25, 2023, while Otero was in the gym, Officer Zachary Zieniuk conducted a routine search of Otero's cell. Officer Zieniuk found several folders containing pornographic materials: one full-color pornographic image, twenty-four photocopied pornographic images, and nineteen drawn pornographic images. Otero was charged with prohibited act .210, possession of anything not authorized for retention, in violation of N.J.A.C. 10A:4-4.1(a)(4)(iii), and was transferred to a Prehearing Disciplinary Detention Housing Unit by Officers Malone and Scott.[1]

The next day, while Otero was in the Housing Unit, Officer Zieniuk returned to Otero's cell to pack his belongings for storage and discovered an envelope and a letter under his bed containing an additional seventy-nine

---

[1] Officers' Malone's and Scott's first names are not contained in the record.

photocopied pornographic images on several sheets of paper. The folder had multiple copies of the same images of penetrative and non-penetrative pornography. Officer Zieniuk charged Otero with *.306, .709, failure to comply with a written rule, and another .210 count.

On June 26, 2023, the NJDOC initially sent a notice to Otero scheduling a single hearing before a Disciplinary Hearing Officer (DHO) for only the .210 charge. On June 27, 2023, the NJDOC sent another notice to Otero advising all cited charges would be scheduled for a single hearing on June 28, 2022. Otero requested and was granted counsel substitute.

At the hearing before DHO Leslie Russell, the DHO reviewed reports from Sergeant Pionetul[2]; a medical report; use-of-force reports; and a contraband-seizure report. On the *.306 charge, the DHO also reviewed Otero's evidence, his oral statement, the seizure-and-contraband report, and Office Zieniuk's report. In his defense, Otero produced copies of N.J.A.C. 10A:47-10 and 10A:18-9.5(a), in support of his request for leniency.

Otero pled guilty to the June 25, 2023 .210 possession charge, and the June 26, 2023 *.306 conduct charge. Otero acknowledged at the hearing that he "shouldn't have had [the images] in the first place," it was his "own choice" to

---

[2] Sergeant Pionetul's first name is not contained in the record.

keep them, and that he "should've gotten rid of them."  Otero stated he had "no use for" the photographs and that he was "sorry."  Nonetheless, Otero requested leniency and a suspended sentence based on his favorable disciplinary record. Otero and his counsel substitute signed the Adjudication of Disciplinary Charge Report, confirming the accuracy of the information contained in the report.

DHO Russell found Otero guilty of *.306, which he pled guilty to.  The DHO determined that Otero did not produce any evidence to discredit the NJDOC reports documenting his possession of pornographic images in his cell. In addition, the DHO observed that it was unreasonable to conclude Otero possessed multiple copies of the same pornographic materials for his personal use only.  Thus, the DHO concluded that Otero's actions disrupted the security and orderly running of the ADTC in violation of *.306.

Regarding the first .210 charge, Otero received a reduced on-the-spot sanction.  The DHO dismissed both the .709 failure to comply with a written rule charge and the second .210 possession charge as redundant to the June 25, 2023 charge.

The DHO assessed a sanction on the *.306 violation of sixty days of placement in the Restorative Housing Unit and thirty days' loss of core privileges.  In assessing the sanction, the DHO considered Otero's history at

ADTC and noted he had been charge-free since 2011, and considered the NJDOC's need to deter future disruptive behavior at the ADTC.

Otero appealed the DHO's decision, claiming he was improperly charged with *.306 because the pornographic materials were discovered during a routine cell search, and therefore, he should not have been charged with an "on the spot" correction under N.J.A.C. 10A:4-7.1, and given a disciplinary report under N.J.A.C. 10A:4-7.1.

The DHO's decision was received by Assistant Superintendent John Cichocki, who upheld the DHO's decision. Cichocki determined the procedures set forth in N.J.A.C. 10A were complied with and that the DHO's decision was based on "substantial evidence." Cichocki also upheld the sanctions imposed as "proportionate" to the offense and the declination of leniency. This appeal followed.

On appeal, Otero presents the following arguments for our consideration in his initial merits brief:

> 1. HEARING OFFICER'S FINDING OF GUILT WAS NOT BASED ON SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD.
>
> 2. THE FINAL AGENCY DECISION FAILED TO ARTICULATE A SUFFICIENT STATEMENT OF REASONS FOR UPHOLDING THE HEARING OFFICER'S FINDING OF GUILT.

A-3841-22

3. THE [NJDOC] VIOLATED [OTERO'S] PROCEDURAL DUE PROCESS RIGHTS BY SHIFTING THE BURDEN OF PROOF TO . . . [OTERO]. <u>N.J. CONST.</u> ART. I, ¶ 1.

In his reply brief, Otero raises two points, the second one with subparts:

<u>POINT I</u>

[OTERO'S] RIGHT TO APPEAL AND HIS DUE PROCESS RIGHTS WERE VIOLATED BECAUSE OF A LACK OF A LEGIBLE RECORD. <u>N.J. CONST.</u> ART. I, ¶ 1; <u>N.J. CONST.</u> ART. VI, . . . ¶ 4; <u>R.</u> 2:2-3(a)(2).

<u>POINT II</u>

[NJDOC'S] GUILTY FINDING WAS ARBITRARY, CAPRICIOUS AND UNREASONABLE AND IS NOT BASED ON SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD. <u>N.J. CONST.</u> ART. I, ¶ 1; N.J.A.C. 10A:4-9.15.

1. HEARING OFFICER'S FINDING OF GUILT WAS NOT BASED ON SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD.

2. THE FINAL AGENCY DECISION FAILED TO ARTICULATE A SUFFICIENT STATEMENT OF REASONS FOR UPHOLDING THE HEARING OFFICER'S FINDING OF GUILT.

3. THE [NJDOC] VIOLATED [OTERO'S] PROCEDURAL DUE PROCESS RIGHTS BY SHIFTING THE BURDEN OF PROOF

TO THE APPELLANT. <u>N.J. CONST.</u> ART.
I, ¶ 1.

## II.

Appellate review of a final decision made by the NJDOC is "limited." <u>Figueroa v. N.J. Dep't of Corr.</u>, 414 N.J. Super. 186, 190 (App. Div. 2010). As we have long recognized, "[p]risons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment." <u>Russo v. N.J. Dep't of Corr.</u>, 324 N.J. Super. 576, 584 (App. Div. 1999). "We [therefore] defer to an agency decision, and do not reverse unless it is arbitrary, capricious or unreasonable or not supported by substantial credible evidence in the record." <u>Jenkins v. N.J. Dep't of Corr.</u>, 412 N.J. Super. 243, 259 (App. Div. 2010); <u>see also</u> <u>In re Stallworth</u>, 208 N.J. 182, 194 (2011) ("A reviewing court 'may not substitute its own judgement for the agency's, even though the court might have reached a different result.'" (quoting <u>In re Carter</u>, 191 N.J. 474, 483 (2007))). This customary deference stems from the "[w]ide discretion afforded to administrative decisions because of an agency's specialized knowledge." <u>In re Request to Modify Prison Sentences</u>, 242 N.J. 357, 390 (2020).

Applying these well-settled principles, we affirm the NJDOC's final agency decision. Here, the DHO relied on sufficient and substantial credible

evidence to conclude that Otero engaged in conduct which disrupted or interfered with the security or orderly running of the ADTC. Moreover, Otero pled guilty to the *.306 charge, which he challenges on appeal. Otero was offered the opportunity to call witnesses on his behalf at the hearing but declined to do so. He was also provided the opportunity to confront and cross-examine the NJDOC's witnesses but declined the opportunity to do so.

Otero points to no provision of the New Jersey Administrative Code that was transgressed during the incident in question. Accordingly, we are satisfied that the sanctions imposed were proportionate to the offense found.

In his reply brief, Otero advances a new argument—that his due process rights were violated because of a lack of a legible record. Our case law does not allow an appellant to raise a new argument in reply. See State v. Smith, 55 N.J. 476, 488 (1970) (stating that it is improper to raise new issues in a reply brief). Nonetheless, for purposes of completeness, we address the argument.

Otero merely states in his reply brief: "For this point, [Otero] relies on his [m]erits [b]rief and [a]ppendix in support of this argument." Otero does not identify specifically what portion of the record is illegible. Our examination of the record reflects that all evidence considered against Otero consists of reports

prepared by identified NJDOC officers and staff with direct knowledge of the incidents concerned.

Moreover, any words that Otero claims are "indecipherable" in the DHO's report are contained and decipherable in other places in the record. The DHO's summary of the evidence states:

> [Otero] offers no statement, no evidence to discredit part A staff reports; I/P possessed 79 photo copies pornographic images; I/P statement noted. D1, 2 (2 pgs noted). However, no evidence to support as multiple copies of same image confiscated and it is not reasonable to believe I/P possessed multiple copies for personal use only. Note possession of multiple copies/act disrupts the security/orderly running ADTC. Charge as written has merit. All relied on.

The sanctions imposed were also clearly stated in the record to "deter disruptive behavior" acknowledging Otero was charge-free since 2011. The report at paragraph nine reflects that Otero checked the "guilty" box. Thus, we reject his argument.

To the extent we have not addressed them, all other arguments raised by Otero lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(D), (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9